THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Michael Liggins,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 20 C 4085 |
| ) | |
| **City of Chicago, Det. Russell** ) | Judge Rowland |
| **Egan, and Det. Vincent Alonzo,** ) | |
| ) | |
| **Defendants.** ) | |

### LIMITED CONSENT TO ENTRY OF JUDGMENT
### AGAINST DEFENDANT CITY OF CHICAGO

Defendant City of Chicago, by its attorney, Celia Meza, Corporation Counsel for the City of Chicago, hereby stipulates to the following:

1. Plaintiff Michael Liggins, individually, has filed a Complaint against Defendant City of Chicago ("City") and two individual Chicago Police Department officer defendants, Detectives Vincent Alonzo and Russell Egan. Plaintiff's Complaint includes various claims brought under state and federal law.

2. In the Complaint, Plaintiff claims that the individual officer defendants violated his constitutional rights as a result of various policies, practices, and customs of the City. In other words, Plaintiff has brought a *Monell* claim against the City. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Plaintiff seeks a judgment against the City for damages caused by the alleged violation of his rights under the Constitution.

3. Even if Plaintiff's constitutional rights were violated as alleged, the City specifically denies any such constitutional violation was caused by a person with "final policymaking authority," denies the City has any "policies, customs, or practices" that cause

constitutional deprivations, denies it has any widespread deficient or unconstitutional practice that is "so permanent and well-settled as to constitute a custom or usage with the force of law," denies it has the requisite degree of culpability therefrom, and denies that any alleged "policy, custom, or practice" of the City directly caused the alleged violations that would give rise to liability under 42 U.S.C. § 1983.

4. Without admitting the *Monell* allegations in the Complaint, the City will consent to entry of judgment against the City for compensatory damages and, to the extent allowed by the court, reasonable attorney fees pursuant to 42 U.S.C. § 1988, and costs, if the finder of fact in this case finds that any of the Individual Officer Defendants, or any former or present employee of the City disclosed by Plaintiff no later than thirty (30) days prior to the close of fact discovery and whom the Court permits to be included on a jury instruction <u>subject to the conditions set forth below</u>, is liable for pretrial detention of Plaintiff without probable cause, as alleged in Count 2 of the Complaint and consistent with the Court's previous ruling on Defendants' Motion to Dismiss (ECF Dkt. 59), or conspiracy to commit pretrial detention without probable cause, or failure to intervene in the unconstitutional actions of another for pretrial detention without probable cause. <u>The parties agree that the names of the non-defendant current or former employees will not appear on the verdict form. Rather, the verdict form will ask the jury to find for the City of Chicago, if the jury finds that none of the Defendant or non-defendant current or former employees are responsible for the injury, or against the City of Chicago, if the jury finds that one or more of the Defendant or non-defendant current or former employees are responsible for the injury.</u>

5. With respect to the individual officer defendants' assertion of qualified immunity, the City will consent to entry of judgment against it for compensatory damages and, to the extent

504369_1

allowed by the Court, reasonable attorney fees pursuant to 42 U.S.C. §1988, and costs, if the finder of fact determines that one or more of the individual officer defendants or any former or present employee of the City disclosed by Plaintiff no later than thirty (30) days prior to the close of fact discovery and whom the Court permits to be included on a jury instruction <u>subject to the conditions set forth in paragraph 4</u>, is liable for pretrial detention of Plaintiff without probable cause, as alleged in Count 2 of the Complaint and consistent with the Court's previous ruling on Defendants' Motion to Dismiss (ECF Dkt. 59), or conspiracy to commit pretrial detention without probable cause, or failure to intervene in the unconstitutional actions of another for pretrial detention without probable cause, even if the individual officer defendants are further found to be not liable to Plaintiff because he is entitled to qualified immunity.

6. For this purpose and in this case only, the City waives its right under *Monell* not to be found liable for damages pursuant to Section 1983 without proof that the City by its "policy, custom, or practice," and with the requisite degree of culpability, caused the alleged constitutional violation. As stated herein, if liability for a constitutional violation is found against one or more of the individual officer defendants or the City, as in any former or present employee of the City disclosed by Plaintiff no later than thirty (30) days prior to the close of fact discovery and whom the Court permits to be included on a jury instruction <u>subject to the conditions set forth in paragraph 4 and 5 above</u>, the City agrees to accept liability against it for compensatory damages and, to the extent allowed by the Court, reasonable attorney fees and costs, based solely on that alleged constitutional violation, and not upon any alleged "policy, custom, or practice." The Consent to Entry of Judgment will not apply to liability based on a settlement to which the City is not a party, or a non-court procedure, such as arbitration or mediation, unless the City agrees to be bound by such proceedings.

7. The City does not waive any defense it may have to the claims in this case except as specifically stated above. The City also retains the right to move, alter or amend any judgment, move for judgment as a matter of law reversing such judgment, appeal, or seek any other post-trial relief from such judgment based on any grounds not inconsistent with this Consent. The City also retains the right to move for Summary Judgment, to the extent necessary, against any and all individuals named by the Plaintiff within 30 days of the close of fact discovery, and to otherwise move the Court to dismiss or prevent such individuals named by the Plaintiff within 30 days of the close of fact discovery from being included in the jury instructions, as described in paragraphs 4, 5 and 6 at the appropriate procedural times, including requesting the Court rule on the objections on the basis of whether the evidentiary basis against any such former or current employee identified would be sufficient to support a jury finding, by a preponderance of the evidence, that the individual violated the Plaintiff's constitutional rights.

8. Moreover, any liability must be final, meaning that a finding is either not appealed or that finding is appealed and affirmed in a final, non-appealable ruling of the highest appellate court to hear the matter, which applies regardless of whether the finding is by summary judgment or after a trial on the merits. Likewise, if no underlying constitutional violation is found against any of the Defendant officers or any former or present employee of the City disclosed by Plaintiff no later than thirty (30) days prior to the close of fact discovery and whom the Court permits to be included on a jury instruction, this Court would enter judgment in favor of the City on the *Monell* claim, which applies regardless of whether the finding is by a motion for summary judgment, motion for judgment as a matter of law, or after a trial on the merits.

Respectfully submitted,

Celia Meza
Corporation Counsel of the City of Chicago

BY: /s/ Caroline Fronczak
      Deputy Corporation Counsel

Caroline Fronczak, Deputy Corporation Counsel
City of Chicago – Department of Law
Federal Civil Rights Litigation Division
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-5170

By: /s/Anthony Becknek
One of their attorneys

Lance C. Malina – Special Assistant Corporation Counsel (lcmalina@ktjlaw.com)
Allen Wall - Special Assistant Corporation Counsel (jawall@ktjlaw.com)
Anthony G. Becknek - Special Assistant Corporation Counsel (agbeckneck@ktjlaw.com)
Carrie A. Winteregg - Special Assistant Corporation Counsel (cawinteregg@ktjlaw.com)
KLEIN, THORPE AND JENKINS, LTD.
20 North Wacker Drive, Suite 1660
Chicago, Illinois 60606
(312) 984-6400


Michael Liggins, Plaintiff

By: /s/ Russell R. Ainsworth
*Attorney for Plaintiff*

Arthur Loevy (Arthur@loevy.com)
Jon Loevy (Jon@loevy.com)
Russell Ainsworth (Russell@loevy.com)
Roshna Bala Keen (Roshna@loevy.com)
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
312-243-5900

504369_1