IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN
DIVISION

| | |
|---|---|
| **Michael Liggins**, | No. 20 C 4085 |
| Plaintiff, | |
| v. | Judge Mary M. Rowland |
| **City of Chicago, Det. Russell Egan,** and **Det. Vincent Alonzo**, | |
| Defendants. | Jury Trial Demanded |

## JOINT STATUS REPORT

All parties, by their undersigned counsel, submit the following joint status report on discovery pursuant to the Court's Minute Order (Dkt. 9) requesting the parties to report on the status of discovery and settlement and to propose a schedule for expert discovery.

**A. Discovery-**Fact discovery is closed, with the exception of the following issues:

   a. This Court granted Plaintiff leave to depose City representatives pursuant to Rule 30(b)(6); the City has designated two witnesses to serve as its representatives, both of whom are scheduled to be deposed on March 11, 2022.

   b. This Court granted Plaintiff leave to depose retired detective Jody Longos. Mr. Longos is a retired police detective who lives in Chicago. He is in his 70s. On March 3, 2022, after numerous attempts to gain his cooperation, counsel for the City informed Plaintiff that Mr. Longos is not cooperating with appearing for his deposition. The City provided Plaintiff with Mr. Longos's home address on March

    3, 2022. Plaintiff is now endeavoring to serve Mr. Longos for a deposition to take place on March 17, 2022.

c. On March 3, 2022, counsel for the City received a two-page excel spreadsheet indicating the dates and times that police reports were created, modified, submitted, rejected, and if necessary, re-submitted in this case. This document was discovered by the CPD IT Department upon preparation for the 30(b)(6) deposition. On the same day counsel for the City received the report, he tendered it to Plaintiff. This document was responsive to Plaintiff's discovery requests but had not previously been located. Although responsive, Defendant City of Chicago had previously answered discovery producing some documentation on issue, while objecting to this request and indicating that a 37.2 conference was necessary to determine what Plaintiff was specifically seeking. No 37.2 conference on issue ever was requested or occurred. At the same time, the City produced documents displaying the date on which relevant police reports were created, without indicating that it was withholding documents responsive to the Request.

The parties have conferred and have agreed, with the Court's approval, to conduct two depositions by written question of two supervisors who, according to the newly-produced excel sheet,, rejected supplementary police reports submitted by the Defendant Detectives, causing the reports to be re-submitted and approved.

The parties intend to proceed with the Rule 30(b)(6) deposition on March 11 of the City's representative who discovered the excel sheet. The City, based on a couple of questions from Plaintiff's counsel, agreed to seek confirmation from CPD IT prior to the deposition, and to produce any "dialogue box" related to the rejection,

      if one so exists. That deposition, and inquiry by counsel, may obviate the need for any additional discovery pertaining to the newly uncovered excel sheet,, but the parties will meet and confer following that deposition, and will alert the Court if any additional issues arise.

   d. Since the filing of the last status report, the City has investigated and determined that no additional video or photographs of the scene exist.

**B. Settlement-**The parties have not engaged in settlement discussions in the past year. Plaintiff made a settlement demand early in the litigation, and the Defendants have not responded. Plaintiff is always willing to discuss settlement with Defendants. Defendants' position is they are willing to discuss a reasonable settlement value, to which they insist that the initial settlement demand was not. Given the fact discovery to date, Defendants' position was only emboldened (see facts described in City's Motion to Bifurcate), but they are still willing to discuss a reasonable settlement demand.

                                              Respectfully submitted,

| | |
|---|---|
| MICHAEL LIGGINS | Celia Meza |
| | Corporation Counsel for the City of Chicago |
| By: *s/ Russell Ainsworth* | |
|    One of His Attorneys | By: */s/ Anthony George Becknek* |
| |    Attorney for City of Chicago |
| Arthur Loevy | |
| Jon Loevy | Anthony George Becknek |
| Russell Ainsworth | Lance C. Malina |
| Roshna Bala Keen | Anne Mary Skrodski |
| John Hazinski | John A. Wall |
| LOEVY & LOEVY | Klein, Thorpe & Jenkins Ltd. |
| 311 N. Aberdeen St., 3rd Floor | 20 N. Wacker Drive, Suite 1660 |
| Chicago, IL 60607 | Chicago, IL 60606 |

| | |
|---|---|
| (312) 243-5900 (phone)<br>arthur@loevy.com<br>jon@loevy.com<br>russell@loevy.com<br>roshna@loevy.com<br>hazinski@loevy.com | 312-984-6411<br>agbecknek@ktjlaw.com |

*/s/ Scott A. Cohen*
Attorney for Individual Defendants

Scott A. Cohen
Jennifer Bagby
Jordan Yurchich
City of Chicago Department of Law
2 N. LaSalle St., Ste. 420
Chicago, IL 60602
312-744-2568
scott.cohen@cityofchicago.org